IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 05-00269 DAE LEK |
|  | ) | CR. NO. 03-00274 DAE |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| RODNEY MANGOBA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

ORDER DENYING RODNEY MANGOBA'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

BACKGROUND

On May 2, 2003, Defendant Rodney Mangoba distributed methamphetamine within 1,000 feet of an elementary school in a designated "Weed and Seed" area in Honolulu. On July 15, 2003, he pled guilty to the offense (Count 1 of the Indictment). Pursuant to the Judgment entered on August 27, 2004, this Court imposed a sentence of 23 months. Under the U.S.

Sentencing Commission Guidelines, Defendant's Total Offense Level was "12" with a Criminal History Category of "IV", which, under the guidelines, resulted in a sentencing range of 21-27 months. (Gov't's Resp. to Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Gov't Resp.") at 1-2.) In addition to the instant conviction, Defendant had prior convictions for misdemeanor assault and two felony firearms violations, resulting in seven criminal history points and a Criminal History Category "IV". (Id. at 2.) Were it not for these prior convictions, Defendant's Criminal History Category would have been "I". (Id.)

Defendant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on April 15, 2005. The United States of America ("Government") filed its response on September 23, 2005.

## STANDARD OF REVIEW

This Court's review of Defendant's Motion is provided for by statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

>collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The court shall hold an evidentiary hearing on a petitioner's § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). The court has discretion to ascertain whether a claim is substantial before granting full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963).

DISCUSSION

Defendant argues that: (1) his Sixth Amendment rights were violated by the sentencing enhancement and (2) his Fifth Amendment rights were violated by the sentencing enhancement. Specifically, Defendant contends that his rights were violated because the facts (prior convictions) used to increase his criminal history level were not agreed to in the plea agreement nor admitted to by Defendant.

Government counters that Defendant's prior convictions alone were sufficient to trigger Defendant's higher criminal history category of IV. Government's reasoning is that prior convictions need not be determined by a jury beyond a reasonable doubt. The Court agrees.

The Ninth Circuit has consistently held that the use of prior convictions to enhance sentencing does not violate a defendant's Sixth Amendment rights. United States v. Ladwig, 432 F.3d 1001, 1006 (9th Cir. 2005) (citing United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004)); United States v. Labrada-Bustamante, 428 F.3d 1252, 1261 (9th Cir. 2005); United States v. Kortgaard, 425 F.3d 602, 605-06 (9th Cir. 2005). "The Supreme Court has made clear that the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt or admitted by the

4

defendant to satisfy the Sixth Amendment.  This is true even when such a finding results in an increase in the penalty beyond what would otherwise be the maximum prescribed sentence." United States v. Delaney, 427 F.3d 1224 (9th Cir. 2005) (citation omitted).

Based on the foregoing law, it is clear that the criminal history points attributed to Defendant based on his prior convictions that resulted in a sentence of 23 months versus a sentence ranging from 10 to 16 months did not violate his Sixth Amendment rights.  It does not matter, as Defendant argues, that he did not agree to the facts of his prior convictions in the plea agreement or that he did not admit to his prior convictions because Supreme Court and Ninth Circuit precedent dictate that Defendant's prior convictions may enhance his sentence without violating his Sixth Amendment rights.

The same is true with regard to Defendant's argument that his Fifth Amendment right to due process was violated by the increase in his Criminal History Category from I to IV based on his prior convictions.  Defendant again asserts that he did not admit to any prior convictions and that such convictions were not a part of his plea agreement.  However, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum

5

penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones v. United States, 526 U.S. 227, 243 n.6 (1999) (emphasis added).  Because prior convictions do not need to be admitted by Defendant or proved beyond a reasonable doubt to a jury, Defendant's Fifth Amendment Due Process rights were not violated.  In light of the fact that Defendant's sentence neither violated his Fifth or Sixth Amendment rights, the Court denies his Motion.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 10, 2006.



_____
David Alan Ezra
United States District Judge

United States of America v. Rodney Mangoba, CV. NO. 05-00269 DAE-LEK, CR. NO. 03-00274 DAE; ORDER DENYING RODNEY MANGOBA'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE