PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 3 2007

at __ o'clock and __ min. __ M
SUE ___ITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RODNEY MANGOBA          Case Number: CR 03-00274DAE-01

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       U.S. District Judge

Date of Original Sentence:  8/18/2004

Original Offense:   Distribution of Methamphetamine Within 1,000 Feet of Real Property Comprising an Elementary School, in violation of 21 U.S.C. § 860 (a), a Class B felony

Original Sentence:  Twenty-three (23) months imprisonment to be followed by 6 years supervised release with the following special conditions:  1) Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 3) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

<u>Type of Supervision:</u> Supervised Release     Date Supervision Commenced:  5/22/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

    *Mandatory Condition:*   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject admitted to the possession and use of amphetamine/methamphetamine on 2/11/2007 and 2/22/2007. |
| 2. Special Condition No. 1 | The subject failed to comply with drug testing on 2/12/2007. |

    On 5/22/2006, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred for substance abuse treatment and random drug testing at Hina Mauka (HM), Waipahu, Hawaii. Subsequent to the commencement of supervision, the subject secured gainful employment as a carpenter and maintained a stable residence in Kapolei, Hawaii.

    On 11/8/2006, the subject successfully completed substance abuse treatment and was continued on random drug testing.

    On 2/12/2007, the subject failed to report for random drug testing at HM. When questioned about his non-compliance, the subject stated that he was suffering from a throat infection and taking prescribed medication. He later submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at the U.S. Probation Office on 2/14/2007. The specimen was later forwarded to Scientific Laboratory Testing, Inc. (STL) and confirmed positive for amphetamine/methamphetamine. When confronted about the positive test result, the subject admitted to using crystal methamphetamine with his associates on 2/11/2007. The subject expressed remorse for his conduct and explained that he was depressed because the carpenter's union had laid him off. The subject then requested further treatment to address his recent relapse. This officer referred the subject to HM for individual counseling sessions and increased his random drug testing to the highest frequency. The subject apologized for his relapse and agreed to comply.

On 2/20/2007, the subject's substance abuse counselor, Claire Bailey, was contacted regarding the subject's relapse. Ms. Bailey opined that the subject is amenable to rehabilitation and willing to resume treatment. She also noted that the subject's positive drug tests may have been a result of his employment situation.

On 2/22/2007, the subject submitted a urine specimens which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at HM. The specimen were forwarded to STL for further analysis. When confronted about the positive result on 2/27/2007, the subject admitted that he smoked crystal methamphetamine and assured this officer that he would refrain from further drug use. The subject acknowledged all the support he had received from his family and friends and requested further treatment to address his relapse. This officer instructed the subject to enroll in an Intensive Outpatient Program (IOP) at HM no later than 3/2/2007. The subject stated that he understood the need for increasing his level of care and agreed to comply.

The subject has agreed to address his relapse by resuming substance abuse counseling and random drug testing and understands that further noncompliance will not be tolerated. In considering the foregoing steps to address his recent relapse, it is recommended that the Court take no further action against the subject. Should the subject test positive for illegal drugs or refuse to participate in treatment/testing, the Court will be notified immediately. In light of U.S. vs. Stephens, it is also recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 2/28/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
DAVID ALAN EZRA
U.S. District Judge

_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

Mandatory Condition:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

Witness: _____        Signed: _____
         CARTER A. LEE                                RODNEY MANGOBA
         Probation Officer                            Supervised Releasee

                        _____
                               Date